# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| BRYAN EDWARD KAYE,<br><br>Petitioner,<br><br>v.<br><br>TODD SPITZER et al.,<br><br>Respondent. | No. SA CV 25-2229-SSS (DFM)<br><br>ORDER SUMMARILY DISMISSING STATE HABEAS PETITION |

Petitioner Bryan Edward Kaye, a non-prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person In State Custody under 28 U.S.C. § 2254. See Dkt. 1 ("Petition"). For the reasons set forth below, the Petition is summarily dismissed for lack of jurisdiction, untimeliness, and failure to exhaust.

## I. BACKGROUND

Petitioner's claims center around his allegedly "false, forged criminal plea agreement" that was done "without due process of law, and in violation of the Fourteenth Amendment of the Constitution of the United States." Petition at 2. Petitioner attaches copies of criminal plea agreement in Case No. 11HM11558, dated August 20, 2012; criminal plea agreement in Case No.

13NM13255, dated February 10, 2015; and criminal plea agreement in Case Nos. 02CF2887/03NF2289, dated February 6, 2004. See Petition at 8-26.[1]

On October 10, 2025, the Magistrate Judge ordered Petitioner to show cause within twenty-eight (28) days why the Petition should not be dismissed for lack of jurisdiction, untimeliness, and failure to exhaust. See Dkt. 6. More than two months have elapsed, and Petitioner has not responded.

## II.   DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the district court to dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Here, the Petition suffers from three plainly obvious deficiencies.

First, the Court appears without jurisdiction to consider the merits of the Petition. "The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" Maleng v. Cook, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2254(a)). "[T]here must be a nexus between 'the judgment of a State court' the petitioner is challenging, and the 'custody' upon which the petitioner relies to establish jurisdiction. Put differently, the challenged judgment must be 'the source of the petitioner's custody.'" Wright v. State, 47 F.4th 954, 959 (9th Cir. 2022) (citations omitted).

Accordingly, to challenge his California convictions under § 2254, Petitioner must demonstrate that (1) he was 'in custody' at the time he filed his

---

[1] Since 2017, Plaintiff has filed more than twenty civil rights actions, most raising similar allegations of forged court documents, unlawful criminal procedures by police and state court officials, and obstruction of his attempts to seek redress. All have been dismissed.

2

§ 2254 petition, and (2) that custody was "pursuant to" the California judgment. Petitioner has not done so. Petitioner alleges that he has been "unjustly and unlawfully imprisoned and restrained of liberty and detained under the color of the authority of the State of California, in the actual custody of the County of Orange Court system." Petition at 1. But Petitioner is not incarcerated, and his unsuccessful attempts to void his plea agreement does not render him "in custody" pursuant to those judgments.

 Second, the Petition appears to be untimely. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year limitation period applies to a federal petition for writ of habeas corpus filed by a person in state custody. See 28 U.S.C. § 2244(d)(1). Ordinarily, the limitation period runs from the date on which the petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. Here, Petitioner attacks plea agreements in cases from 2004, 2012, and 2015. At best, Plaintiff is nearly ten years too late.

 Petitioner has not alleged he is entitled to a delayed start of the limitation period because of an unconstitutional state action, a newly recognized constitutional right, or later discovery of the factual predicate of his claim. See 28 U.S.C. § 2244(d)(1)(B)-(D). In addition to the statutory tolling provided for by § 2244(d)(2), the "AEDPA limitations period may be tolled" when it is "equitably required." Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011). Petitioner offers no explanation for his failure to file a habeas petition in a timely manner or contend that he took any action before the AEDPA limitation period expired. Petitioner is thus not currently entitled to equitable tolling.

 Third, the Petition appears unexhausted. Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted the remedies available in state court. Exhaustion requires that the petitioner's contentions

were fairly presented to the state courts, see Ybarra v. McDaniel, 656 F.3d 984, 991 (9th Cir. 2011), and disposed of on the merits by the highest court of the state, see Greene v. Lambert, 288 F.3d 1081, 1086 (9th Cir. 2002). A claim has not been fairly presented unless the prisoner has described in the state-court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995).

Here, there is no indication that Petitioner has presented his federal constitutional claims either to the California Court of Appeal or to the California Supreme Court, and so the Petition is subject to dismissal. See Coleman v. Thompson, 501 U.S. 722, 731 (1991) (explaining that "a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims").

### III. CONCLUSION

The Petition is DISMISSED for lack of jurisdiction, untimeliness, and failure to exhaust. The Clerk of Court is directed to terminate this action.

Date: December 19, 2025

_____
SUNSHINE SUZANNE SYKES
United States District Judge

Presented by:

_____
DOUGLAS F. MCCORMICK
United States Magistrate Judge